IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TIMOTHY K. SAWYER,                    :

        Plaintiff,

                                Case No. 3:14-CV-436

   v.                                    :

                                JUDGE WALTER H. RICE

JEFF SCHMITT AUTO GROUP,

        Defendant.                    :

---

DECISION AND ENTRY SUSTAINING DEFENDANT'S UNOPPOSED
MOTION TO DISMISS (DOC. #2); COUNTS ONE, THREE AND FOUR
DISMISSED WITH PREJUDICE; COUNTS TWO AND FIVE DISMISSED
WITHOUT PREJUDICE; JUDGMENT TO ENTER IN FAVOR OF
DEFENDANT AND AGAINST PLAINTIFF; TERMINATION ENTRY

---

Plaintiff, Timothy K. Sawyer, filed suit against his former employer, Jeff

Schmitt Auto Group, alleging race discrimination, age discrimination, retaliation and

hostile work environment.  Citing the Fifth and Fourteenth Amendments to the

United States Constitution, and Section 19, Article I, of the Ohio Constitution,

Plaintiff also alleges, in Count Five, that Defendant failed to compensate him for

certain commissions, and discriminated against him with respect to his

compensation, terms, conditions or privileges of employment.  Doc. #1.

On January 13, 2015, Defendant filed a Motion to Dismiss Plaintiff's

Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6).  Doc. #2.

Defendant argues that Plaintiff's federal claims of race and age discrimination,

retaliation and hostile work environment, are time-barred, because they were not filed within 90 days of Plaintiff's receipt of the Equal Employment Opportunity Commission's ("EEOC's") Dismissal and Notice of Rights letter ("right-to-sue letter"), attached as Exhibit A to Plaintiff's Complaint.

Defendant argues that Plaintiff's final claim should be dismissed because: (1) the United States Constitution regulates only the government, not private actors; (2) the Ohio Constitution does not confer a private right of action; and (3) to the extent the claim may be construed to also include a common law breach of contract claim, the Court, having dismissed all federal claims, should decline to exercise supplemental jurisdiction over it.

When Plaintiff failed to file a timely response brief, the Court issued a Show Cause Order, directing Plaintiff to show cause within seven days why the Complaint should not be dismissed in its entirety.  Doc. #3.  Although Plaintiff has failed to respond to the Show Cause Order within the time allotted, the Court cannot dismiss Plaintiff's claims on this basis alone.  It must determine whether Plaintiff has, in fact, failed to state a claim upon which relief can be granted. *See Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991) (finding that the district court abused its discretion in dismissing complaint based solely on plaintiff's failure to respond to motion to dismiss).

The Court concludes that Plaintiff's claims of race discrimination, hostile work environment and retaliation (Counts One, Three, and Four) are time-barred. Plaintiff marked only the "race" discrimination box on the Charge of Discrimination

he filed with the EEOC. Doc. #1, PageID#7. This fact, however, is not determinative of the scope of claims presented to the EEOC. In *Dixon v. Ashcroft*, 392 F.3d 212 (6th Cir. 2004), the court explained that we must instead look to the facts alleged in the body of the EEOC charge to determine "the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination." *Id.* at 217.

Here, Plaintiff's charge of discrimination alleges that he was discriminated against on the basis of his race. But it also alleges that, after he complained that his sales and commissions were being taken from him and given to white salesmen, his sales manager told him to stop complaining, denied him training, and gave him a less favorable work schedule. Plaintiff also alleged that another sales manager threw a highlighter at him during a staff meeting, but was never disciplined. Finally, the charge alleges that because of the ongoing disparate treatment and stress, Plaintiff was constructively discharged. In the Court's view, any EEOC investigation into these allegations would have also encompassed Plaintiff's claims of hostile work environment and retaliation.

The EEOC's right-to-sue letter is dated August 26, 2014. Plaintiff had 90 days from receipt of that letter to file suit. There is a rebuttable presumption that an individual receives a right-to-sue letter "on the fifth day following mailing by the EEOC." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557-58 (6th Cir. 2000). Therefore, unless Plaintiff proves otherwise, it is presumed that he received the right-to-sue letter on August 31, 2014. Although

3

the Complaint alleges that Plaintiff received the letter "on or about September 5, 2014," Doc. #1, PageID#4, he offers no evidence of that. He has therefore failed to rebut the presumption that he received the right-to-sue letter on August 31, 2014. He had until December 1, 2014, to file suit; however, the Complaint was not filed until December 5, 2014. Accordingly, Plaintiff's claims of race discrimination, hostile work environment and retaliation are time-barred and will be dismissed with prejudice.

There is no evidence that Plaintiff's age discrimination claim was ever presented to the EEOC. The charge of discrimination lists his birthdate, but makes no other mention of Plaintiff's age. None of the factual allegations can be read to allege age discrimination. The Age Discrimination in Employment Act ("ADEA") requires individuals to exhaust their administrative remedies with the EEOC prior to filing suit. *See* 29 U.S.C. § 626(d)(1). Because Plaintiff has failed to comply with this requirement, the Court dismisses the age discrimination claim (Count Two) without prejudice.

To the extent that Count Five alleges a violation of the United States Constitution, Plaintiff has failed to state a claim. Defendant correctly notes that the United States Constitution regulates only the Government, not private actors. *See Cranley v. Nat'l Life Ins. Co. of Vermont*, 318 F.3d 105, 111 (2d Cir. 2003). To the extent that Count Five alleges a violation of the Ohio Constitution, Plaintiff has also failed to state a claim, because there is no private remedy for alleged violations of the Ohio Constitution. *See Provens v. Stark Cnty. Bd. of Mental*

4

*Retardation & Developmental Disabilities*, 64 Ohio St. 3d 252, 261, 594 N.E.2d 959, 966 (Ohio 1992).

However, as Defendant concedes, Count Five may also be interpreted to include a common law breach of contract claim for recovery of unpaid compensation.  To the extent that this state law claim may remain viable, the Court, having dismissed all federal claims, declines to exercise supplemental jurisdiction over it. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). Accordingly, the Court dismisses Count Five of the Complaint without prejudice.

To summarize, Defendant's unopposed Motion to Dismiss (Doc. #2) is SUSTAINED.  Counts One, Three and Four of Plaintiff's Complaint are DISMISSED WITH PREJUDICE.  Counts Two and Five of Plaintiff's Complaint are DISMISSED WITHOUT PREJUDICE.


Judgment shall be entered in favor of Defendant and against Plaintiff.


The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.


Date: February 18, 2015

WALTER H. RICE
UNITED STATES DISTRICT JUDGE

5